UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESI CARDENAS,<br><br>                  Plaintiff,<br><br>       vs.<br><br>TULARE COUNTY SHERIFF'S DEPT.,<br><br>                  Defendants. | Case No. 1:11-cv-01394-JLT<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1.) |

      Plaintiff Desi Cardenas ("Plaintiff") is a state prisoner proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint filed on August 22, 2011, is before the Court for screening (Doc. 1.)  Plaintiff asserts his claim against the Tulare County Sheriff's Department ("Department") and Lieutenant Fosnaugh for the actions of their subordinates, but the Court notes that the Department is the only Defendant formally joined in this matter. Id. at 5.  For the reasons set forth below, the complaint is hereby **DISMISSED WITH LEAVE TO AMEND**.

**I.       Screening Requirement**

      The Court is required to screen Plaintiff's complaint to identify cognizable claims as Plaintiff seeks redress from governmental employees in a civil action. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is

1

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. Pleading Standards

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id.

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court should set conclusory factual allegations aside, accept all non-conclusory factual allegations as true, and determine whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 1950.

## III. Plaintiff's Factual Allegations and Contentions

Plaintiff is a state prisoner incarcerated at the Tulare County Bill Wiley Detention Facility ("Bill Wiley"). (Doc. 1 at 3). From May 26, 2010, to August 29, 2010, and again from December

1   13, 2010, to March 1, 2011, Plaintiff was subjected to oppressive treatment by a particular group

2   of inmates ("Group"). Id. at 3, 5.  The Group exerted its control over other inmates by screening

3   inmates' legal papers for charges and policing new arrivals on a daily basis by standing guard

4   over other inmates. Id. at 3.

5       For the three months following Plaintiff's arrival at Bill Wiley on April 17, 2010, and

6   upon leaving his cell, the Group held Plaintiff against his will. Id. at 3-4.  The Group forced

7   Plaintiff to "stand at attention" or Plaintiff would be physically harmed. Id. at 4.  Plaintiff

8   contends that the Department was aware of the Group's control of other inmates, because the

9   Department had previously confiscated related documentation. Id. This oppressive treatment

10  continued under the supervision of the Department's deputies. Id.

11      On December 13, 2010, Plaintiff was transferred to the Tulare County "Main Jail" ("Main

12  Jail"). Id.  Sargent Maldonado knowingly placed an inmate "next to" Plaintiff's cell against

13  whom Plaintiff had refused to testify. Id. at 4.  Plaintiff indicates that this was done to "punish"

14  Plaintiff for not testifying against another inmate. Id.  Plaintiff claims he sustained psychological

15  and emotional injury due to the Defendants' failure to halt the actions of the Group. Id. at 5.

16  **IV.**     **Discussion**

17      **A.  Liability of the Tulare County Sheriff's Department**

18      Local municipalities may be held liable under 42 USC § 1983 if "a deliberate policy,

19  custom, or practice that was the "moving force" behind the [alleged] constitutional violation[.]"

20  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); Gibson v. County of

21  Washoe, Nev, 290 F.3d 1175, 1186 (9th Cir. 2002)(citing Monell v. New York City Dept. of

22  Social Services, 436 U.S. 658, 689 (1978)).

23      Plaintiff asserts that when he first arrived at Bob Wiley, a sergeant asked him if he "would

24  get cleared by the casa." (Doc. 1 at 3)  Plaintiff reports that the "casa" refers to the housing unit.

25  However, he provides no other details about this conversation and the complaint fails to provide

26  facts to support that this question somehow implies wrongdoing.  Plaintiff also reports that "for

27  many years" the Department has confiscated numerous types of documentation, specifically

28  delineating basic protocol and procedure thereof." Id. at 4.  Plaintiff fails to support this

statement with any facts and, in truth, the Court does not know what to make of this. It appears that Plaintiff is suggesting that this group of menacing inmate kept a rule book of sorts which detailed how and when other inmates would be menaced. Whether this is true—and the Court is at a loss to understand how Plaintiff could know this given his limited stay at Bob Wiley—there is no indication that once seized, anyone at the Department examined the documents or investigated its contents. Finally, Plaintiff alleges there were cameras in the housing units which recorded events there. However, he fails to allege facts upon which the Court can conclude that what was observed appeared to be unlawful. For example, though the group of inmates forced Plaintiff to "stand at attention" Plaintiff admits that he was not physically assaulted such that an observer would have reason to know something was amiss. (Doc. 1 at 4)

Despite Plaintiff's report that his ability to report the mistreatment was "crippled," he provides no factual support that any of the officers to whom he complained knew anything about the problematic group of inmates. Indeed, the officers inquired of Plaintiff why he did not complain sooner and, when he *did* complain finally, they conducted an investigation which included review of the video surveillance. Without more, on its face this indicates the Department was not aware of Plaintiff's situation despite Plaintiff's conclusion to the contrary. Furthermore, by Plaintiff's own admission, the Department transferred him from the Main Jail after the Department was notified that the inmate placed next to Plaintiff's cell was a problem for him. Thus, Plaintiff fails to plead that Department officials were aware of and disregarded a known substantial risk *to the Plaintiff*.[1] Farmer v. Brennan, 511 U.S. 825, 833 (1994)(Prison officials must have known of and disregarded an excessive risk to the prisoner's safety.)

Therefore, Plaintiff's complaint against the Department is **DISMISSED WITHOUT PREJUDICE** for failure to state a cognizable claim.

### B. Liability of Lt. T. Fosnaugh

It appears the only contact between Defendant Fosnaugh and Plaintiff is when Fosnaugh,

---

[1] It is not explained why this placement was a problem for Plaintiff. Plaintiff had *refused* to testify against this other inmate. Thus, why Plaintiff believes having this inmate housed in the adjoining cell demonstrates wrongdoing, is not explained.

while investigating Plaintiff's grievance, interviewed him. (Doc. 1 at 2) Although Plaintiff is dissatisfied with the results of the grievance, this will not state a constitutional violation. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1989) (Inmates have "no legitimate claim[s] of entitlement to a grievance procedure."); Gonzalez v. Mullen, 446 Fed.Appx. 17, 18 (9th Cir. 2011). (No due process rights exist as to the handling of an inmate's administrative grievance in a particular manner.)

On the other hand, Plaintiff seeks to impose liability on Fosnaugh because he is the supervisor of other officers. (Doc. 1 at 5) Nevertheless, to state a claim against an individual pursuant to 42 USC § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002). In his pleading, Plaintiff must demonstrate that Defendant Fosbaugh, through his own action violated Plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948–49 (2010). Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); *accord* Starr v. Baca, No. 09–55233, 2011 WL 477094 *4–5 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.1997). Here, there are no facts alleged that Defendant Fosbaugh—or any officer under his command--had any knowledge that Plaintiff was being harassed by other inmates, until Plaintiff finally complained. Thus, Plaintiff has failed to state a claim against Defendant Fosbaugh.

**V.     Leave to Amend**

The Court will grant Plaintiff **one final** opportunity to amend the complaint to address the above deficiencies. If Plaintiff chooses to amend his complaint, in compliance with Fed. R. Civ. P. 8(a), it must be brief but must describe the particular actions of each defendant that he claims deprive him of his constitutional or federal rights. Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff is advised that he may not change the nature of this

5

suit by adding new, unrelated claims to his amended complaint.  See George v. Smith, 507 F.3d 605, 607 (no "buckshot" complaints).  Factual allegations will be accepted as true, but "must be [sufficient] to raise a right to relief above the speculative level" and establish plausibility.  Twombly, 550 U.S. at 555-56 (2007) (citations omitted).  Plaintiff is also advised that mere conclusions that are unsupported by factual allegations are insufficient to state a claim.

Plaintiff should be aware that an amended complaint supercedes any prior complaints.  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Pursuant to Local Rule 220, an amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Plaintiff is advised that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

## VI.  Conclusion and Order

The Court must dismiss Plaintiff's complaint as to all Defendants because, for the reasons described above, it fails to state a cognizable claim.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**; and

2. Plaintiff is GRANTED 21 days from the date of service of this order to file an amended complaint.  The amended complaint must reference the docket number assigned to this case and must be labeled "First Amended Complaint."

**Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **March 26, 2013**          /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE