UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESI CARDENAS, III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TULARE COUNTY SHERIFF'S DEPT.,<br><br>et al.<br><br>　　　　Defendants. | Case No.: 1:11-cv-01394 – JLT (PC)<br><br>ORDER DISMISSING THE SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Doc. 9) |

Plaintiff Desi Cardenas, III, ("Plaintiff") is a pre-trial detainee proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of the Magistrate Judge on August 30, 2011. (Doc. 5). Plaintiff timely filed his second amended complaint on May 30, 2013. (Doc. 9). As is required, the Court presently screens the second amended complaint and **ORDERS** that the second amended complaint be **DISMISSED without leave to amend.**

**I.　　Screening Requirement**

Because Plaintiff seeks redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify any cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is

1

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  PLEADING STANDARDS

### A. Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Id. at 678) (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 679.

### B. 42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that

the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation of which the plaintiff complains. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).  42 U.S.C. § 1983 does not create substantive rights, but rather services as a vehicle to protect federal rights which have been established elsewhere. Graham v. Connor, 490 U.S. 386, 393-394 (1989).

### III. SECOND AMENDED COMPLAINT

Plaintiff was transferred to the Bob Wiley Detention Facility ("Bob Wiley") on April 17, 2010, where he was classified as a "Northern Hispanic" gang member with general population housing needs. (Doc. 9 at 3 ¶¶ 8, 10). On that same day, Sergeant ("Sgt.") Chabaaiz[1] approached Plaintiff and inquired as to whether Plaintiff was ready to be cleared by the "Casa," meaning those housed in Unit 42 which is where the members of the Northern Hispanic gang are housed at Bob Wiley. Id. at 3 ¶¶ 9, 11. According to Plaintiff, the Northern Hispanic gang acts as a "kangaroo court" by controlling the actions of the inmates in Unit 42. Id. at 4 ¶ 18.

Subsequently, Plaintiff was placed in Unit 42. (Doc. 9 at 3 ¶ 11).  Upon entering Unit 42, Plaintiff was advised by other inmates that he must undergo a hazing or "filtering" process if he wished to remain safe in Unit 42. Id. at 3 ¶ 12.  The process required new inmates to provide the gang with personal information, such as incarceration history and whether he had scars or tattoos. Id.  In addition, gang members required new inmates to present their legal documents for review to determine whether the new inmate was a "snitch" or a sex offender. Id.

Though Plaintiff objected to the hazing process[2], from May 26, 2010, until August 20, 2010, gang members forced Plaintiff to stand or sit during recreational activities and deprived him of

---

[1] Unlike his two prior complaints, Plaintiff names Sgt. Chabaaiz as the sole defendant to this matter.  To the extent that Plaintiff has not restated his complaint against the prior defendants listed, they are **TERMINATED** as parties to this matter.

[2] Plaintiff does not allege he ever alerted any prison official to the hazing and, indeed, in his prior complaints he admitted that he did not do so but awaited officers to inquire of him "if he was okay." *See* Doc. 1 at 5; Doc. 7 at 4-5.

exercise and access to the exercise yard and two inmates stood guard over Plaintiff. (Doc. 9 at 3 ¶ 13, 4 ¶ 14). Gang members searched Plaintiff because they sought to protect themselves during this time. Id. at 4 ¶ 15. Plaintiff concludes that he lived in fear for 3 months. Id. at 4 ¶ 16.

IV. **DISCUSSION AND ANALYSIS**

### A. Eighth and Fourteenth Amendment Claims.

The Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, entitles a pretrial detainee to be free from cruel and unusual punishment. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (applying Eighth Amendment standards to a civil detainee's Fourteenth Amendment claim of cruel and unusual punishment; Schwartz v. Lassen Cnty. ex rel. Lassen Cnty. Jail (Det. Facility), 838 F. Supp. 2d 1045, 1052 (E.D. Cal. 2012). Given the similarities between the two Amendments, the Ninth Circuit applies Eighth Amendment standards to a pretrial detainees' Fourteenth Amendment claims of cruel and unusual punishment. Frost, 152 F.3d at 1128; *see also* Irby v. Skagit Cnty. Jail, 344 F. App'x 371 (9th Cir. 2009).

To demonstrate that conditions of confinement rose to the level of cruel and unusual punishment, a civil detainee must demonstrate that: (1) prison officials caused an objectively "sufficiently serious deprivation" and (2) the prison official acted with "deliberate indifference" towards the civil detainee's health or safety. *See* Farmer v. Brennan, 511 U.S. 825, 834 (1994). The first element is satisfied where a state actor denies a civil detainee his or her "minimal civilized measure of life's necessities." *See* Farmer, 511 U.S. at 834.

In essence, Plaintiff seeks recompense and declaratory relief from Sgt. Chabaaiz for the emotional injuries sustained while incarcerated at Bob Wiley. He alleges that his injuries were caused by the gang-related hazing activities and by a deprivation of outdoor exercise.

i. **Emotional injuries under 42 U.S.C. § 1997e(e)**

As previously advised by the Court, an inmate asserting a civil rights action based on mental or emotional damages must first demonstrate that he or she sustained physical injury while in custody. 42

4

U.S.C. § 1997e(e)[3] *amended by*, Violence Against Women Reauthorization Act of 2013, Pub. L. No. 113-12, 127 Stat. 54.  The Ninth Circuit requires a demonstration of more than a *de minimis* physical injury to satisfy the "physical injury" element. Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).[4] While an inmate need not show a significant injury, the failure to establish more than a *de minimis* injury is fatal to an action brought under 42 U.S.C. § 1983. *Compare* Pierce v. Cnty. of Orange, 526 F.3d 1190, 1224 (9th Cir. 2008) ("physical injury" was shown where an inmate developed a bladder infection and bed sores after prison officials refused to provide for his medical needs) *and* Monclova-Chavez v. McEachern, Case Number 1:08-CV-00076-AWI, 2011 WL 976476, at * 5-6 (E.D. Cal. 2011) (an inmate's significant bruising and weakness caused by prison official was more than *de minimis*, even though it did not necessitate medical treatment) *with* Oliver, 289 F.3d 623 (§ 1997e(e) barred recovery where an inmate sustained the *de minimis* injuries of minor back pain and a canker sore).

Despite the Court's prior order, Plaintiff again fails to allege he sustained any physical injury. In fact, Plaintiff states that he lived in fear for three months and does not indicate that physical force was ever used on him. (Doc. 9 at 4 ¶ 16). As indicated previously, despite the Court's sympathy for his circumstances, Plaintiff's classification as a gang member carries with it the inherent risk of fear and abuse for which the Court can offer no remedy.  Given that Plaintiff fails to set forth any indicia of physical injury, 42 U.S.C. § 1997e(e) prevents him from pursuing this claim.

      ii.     **Deprivation of Basic Human Needs by Sgt. Chabaaiz**

          a.    Objective Deprivation.

While outdoor exercise is clearly established as a basic human need, the Ninth Circuit has declined to find that a denial of outdoor recreation constitutes a *per se* deprivation under the Eighth

---

[3] The 42 U.S.C. § 1997e(e) standards discussed apply equally to pretrial detainees and convicted inmates. *Compare* Oliver, 289 F.3d 623 *with* Williams v. Flint, Case Number CIV S-06-1238-FCD-GGH-P, 2008 WL 4736651, at * 6-7 (E.D. Cal. 2008).

[4] An exception to this rule exists where a "plaintiff has actionable claims premised on constitutional violations, and not on a claim of mental or emotional injury, [then such] constitutional claims are not barred by § 1997e(e)." Low v. Stanton, Case No. CIV S052211MCE DADP, 2010 WL 684969, at * 4 (E.D. Cal. Feb. 23, 2010)(*citing* Oliver, 289 F.3d at 630).  For example, a plaintiff seeking damages for a Fourteenth Amendment violation not based on emotional injuries may seek recovery for that claim. Oliver, 289 F.3d at 630. However, as all of Plaintiff's claims are premised on mental or emotional injuries, this exception does not apply.

Amendment. *See* Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979).  Rather, courts engage in a factual inquiry to determine whether an alleged denial of outdoor recreation constitutes an objective deprivation. *Compare* Spain, 600 F.2d 189 (denial of outdoor recreation to segregated prisoners for a number of years was cruel and unusual) *and* Allen v. Sakai, 48 F.3d 1082 (9th Cir. 1994) (complete denial of six-and-one half weeks of access to outdoor recreation stated a constitutional violation) *with* LeMaire v. Maass, 12 F.3d 1444, 1458 (1993) (nine-month denial of outdoor exercise when inmate posed a grave security risk was not a violation of the Eighth Amendment).  Furthermore, the Ninth Circuit has expressly determined that "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010).

Here, Plaintiff avers that Northern Hispanic inmates deprived him of yard exercise for three months by standing guard over him during recreational periods. (Doc. 9 at 4 ¶ 14).  Plaintiff does not allege that Sgt. Chabaaiz had any role in this deprivation of yard time except to imply that he was aware that the inmates held in Unite 42 "cleared" newly arriving prisoners that were to be housed in the unit.  Plaintiff fails to allege that Sgt. Chabaaiz was aware that Plaintiff was ever deprived of exercise time or that this "clearing" process involved a three-month long deprivation—or any deprivation Similarly, the denial of yard exercise—even assuming the denial can be attributed to Defendant—without further factual support for the claim, is insufficient to demonstrate that the allege deprivation arose to the constitutional violations discussed in Spain, 600 F.2d 189. Likewise, there are no allegations Defendant was aware of the "kangaroo court"[5, 6] operating against Plaintiff from May 26, 2010, until August 20, 2010.  Finally, of key importance, is that Plaintiff fails to provide any factual support as to what Defendant meant by his question of Plaintiff inquiring whether was ready "to be cleared by the Casa."   Thus, Plaintiff fails to show an objective deprivation.

---

[5] In fact, it does not appear that Plaintiff is using this phrase as it is commonly used.  In colloquial terms, generally a "kangaroo court" in one in which the procedural protections of law are not afforded the defendant.  Here, Plaintiff does not describe a "kangaroo court" as that phrase is generally understood but, instead, a system of control exercised by the gang-member hierarchy.

[6] Plaintiff also alleges that Defendant should be liable because the "kangaroo court" subjected him to "unreasonable searches and seizures" in violation of the Fourth Amendment. (Doc. 9 at 4 ¶ 15).  However, once again, it was the inmates, not Defendant, who subjected him to search and seizure and there is no factual support that Defendant should have been objectively aware of the fact that Plaintiff objected to sharing his legal documents with the others.  Thus, this claim is **DISMISSED.**

          b.   Deliberate Indifference.

As noted above, Plaintiff must establish that Sgt. Chabaaiz acted with deliberate indifference. Farmer, 511 U.S. at 834. A showing of deliberate indifference occurs where a prison official "knows of and disregards an excessive risk to inmate health and safety." Id. at 837. In other words, a prison official must be cognizant of "facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Assuming *arguendo* that a deprivation of outdoor recreation occurred, Plaintiff fails to provide any facts to indicate that Sgt. Chabaaiz were aware of Plaintiff's situation. The fact Sgt. Chabaaiz asked Plaintiff whether he was ready to be "cleared by the Casa" gives credence to the proposition that he was aware that something happened to inmates arriving in Unit 42 at the hands of the other inmates, but exactly what happened, is not explained. This generalized allegation without explanatory factual allegations is insufficient to demonstrate that Sgt. Chabaaiz was aware that Plaintiff would fall victim to a three-month period of hazing. Moreover, Plaintiff fails to provide any factual support that Sgt. Chabaaiz was aware of the deprivation Plaintiff suffered and no such inference can be drawn from the facts alleged.

### V.    NO LEAVE TO AMEND

Plaintiff has had three opportunities to allege a cognizable claim and has failed to do so despite the Court's instruction as to how Plaintiff's complaints have been deficient. Plaintiff seems to wish to impose liability on individuals for a systemic problem he observed at Bob Wiley but without the requisite showing that the individuals were the cause of his harm. However, unfortunately, because Plaintiff decided to pursue constitutional claims in federal court, he was required to meet the pleading standard which required that he demonstrate each defendant acted such to cause him the claimed injury. He has repeatedly failed to do so. Moreover, Plaintiff has failed to demonstrate any physical injury—despite repeated instruction that he must do so—which would give rise to a claim for emotional distress.

Thus, it appears that Plaintiff's failure arises not from a misunderstanding of what is required but from his inability, factually, to state a claim. Thus, the Court concludes further amendment would be futile. Therefore, the second amended complaint is **DISMISSED.**

**ORDER**

Accordingly, and for the foregoing reasons, the Court **HEREBY ORDERS** that the second amended complaint is **DISMISSED without leave to amend.** The Clerk of the Court is **DIRECTED** to **CLOSE** this matter.

IT IS SO ORDERED.

Dated:   **June 25, 2013**                             /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE